UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOGA SICARDO, ET AL.,

    Plaintiffs,

v.                                CASE NO. 8:13-CV-85-T-17MAP

LIBERTY MUTUAL FIRE
INS. CO.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 14   Motion to Dismiss Count II and to Strike Related Averments
Dkt. 16   Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment
Dkt. 17   Opposition
Dkt. 18   Opposition

Plaintiffs' Amended Complaint (Dkt. 6) includes:

Count I     Breach of Contract–Failure to Pay All Benefits Due
Count II    Common Law Breach of Contract; Failure to Comply With Fla. Stat. 627.707(2)

This case was filed in Hillsborough County Circuit Court on December 12, 2012, and removed to this Court on January 9, 2013. The basis of jurisdiction is diversity. Count I is a breach of contract claim for Defendant's alleged failure to pay all benefits due under the insurance policy for claim number HD520-021857888-0001. Plaintiffs seek a judgment against Defendant for all general and special damage, including the full cost of repair or replacement of Plaintiffs' home, prejudgment interest, court costs,

Case No. 8:13-CV-85-T-17MAP

costs, expert fees and attorney's fees. Count II is a breach of contract claim for Defendant's alleged failure to comply with Ch. 627,707(2), Florida Statutes (2010). Plaintiffs seek a judgment against Defendant for the cost of a full sinkhole investigation, all general and special damages, including the full cost of repair or replacement of Plaintiffs' home, prejudgment interest, court costs, costs, expert fees and attorney's fees.

Defendant/Counterclaim Plaintiff Liberty Mutual Fire Insurance Company has filed a Counterclaim for Declaratory Judgment (Dkt. 15) pursuant to 28 U.S.C. 2201, in which Defendant/Counterclaim Plaintiff seeks a declaration that the applicable insurance policy provides no coverage for the damage claimed by Plaintiffs to the real property located at 8513 Beth Court, Odessa, Florida, unless that loss includes structural damage, and that the term "structural damage" includes, at minimum, damages that impairs the structural integrity of the building.

I. Standard of Review

A. Rule 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a

Case No. 8:13-CV-85-T-17MAP

plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Rule 12(f)

In reviewing a Motion to Strike, "a court will not exercise its discretion ... unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Dennis v. Northwestern Mutual Life Ins. Co., 2006 WL 1000308 (M.D. Fla. 2006) (citing Nankivil v. Lockheed Martin Corp. 216 F.R.D. 689, 691 (M.D. Fla. 2003)).

Courts have defined "immaterial" or "impertinent" for the purposes of conducting a Rule 12(f) analysis. An allegation which has no value in developing the issues in a case is "immaterial." Oaks v. City of Fairhope, 515 F.Supp. 1004, 1032 (S.D. Ala.1981) (quoting 2A Moore's Federal Practice P 12.21(1) at 2420 (2d ed.1979)). Allegations which are "'not relevant' to the issues 'involved in the case and which could not be put in issue or be given in evidence between the parties'" are "impertinent." Id.

II. Discussion

A.  Dkt. 14   Motion to Dismiss Count II and Strike Related Averments

Case No. 8:13-CV-85-T-17MAP

Defendant moves to dismiss Count II for failure to state a claim because it is based on allegations that Defendant Liberty Mutual violated provisions of the 2010 version of Sec. 627.707(2), Florida Statutes, which directs an insurer's investigation of a sinkhole claim. Defendant requests that the Court take judicial notice that Secs. 627.707(1)-(4) were amended effective May 17, 2011.

Plaintiffs respond that the insurance policy was issued to Plaintiffs on or about March 29, 2011, the policy was countersigned on March 29, 2011 by the Secretary, President, and an Authorized Representative of Defendant, the policy was effective May 19, 2011 through May 19, 2012, and the policy covered damage caused by sinkhole activity. Plaintiffs further allege that the policy was delivered to Plaintiffs shortly after it was issued; six weeks later, Secs. 627.707 et al. were amended effective May 17, 2011, two days before Plaintiffs' policy became effective, which decimated Plaintiff's sinkhole coverage under the policy they bargained for and which was issued to them on March 29, 2011, for which Plaintiffs are entitled to the benefit of their bargain. Plaintiffs contend that Sec. 627.707, Florida Statutes (2010) governs Plaintiffs' claim for sinkhole damage. Plaintiffs assert that Sec. 627.707, Florida Statutes (2010), together with Sec. 627.7073, Florida Statutes (2010), vested Plaintiffs with a contractual right which was incorporated into the insurance contract, and Defendant's failure to comply constitutes a material breach of contract.

A copy of the insurance policy is attached to the Amended Complaint. The policy period was 5/19/2011 to 5/19/2012. (Dkt. 6-1, p. 2). The statutory definition of "structural damage" went into effect as of 5/17/2011. The insurance policy indicates it was issued on 3/29/2011. Under Florida law, the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with the contract. Menendez v. Progressive Express Insurance Co., 35 So.3d 873 (Fla. 2010); Hassen v. State Farm Mutual Auto. Ins. Co., 674 So.2d 106, 108 (Fla. 1996). This case involves issues that are more appropriately determined at a later stage. See, e.g.,

Case No. 8:13-CV-85-T-17MAP

<u>Bay Farm Corporation v. Great American Alliance Insurance Company</u>, 835 F.Supp.2d 1227 (M.D. Fla. 2011); <u>Zawadzki v. Liberty Mutual Fire Insurance Company</u>, 2012 WL 3656456 (M.D. Fla. 8/23/2012).

After consideration, the Court denies the Motion to Dismiss and Strike.

B.  Dkt. 16   Motion to Dismiss Counterclaim

Plaintiffs/Counterclaim Defendants move to dismiss Defendant/Counterclaim Plaintiff's Counterclaim because it is based on Defendant's speculative belief that Plaintiffs will assert a certain argument in the unknown future (Dkt. 15, Par. 49). Plaintiffs argue that Defendant's counterclaim does not meet the requisite pleading standard because it is purely conjecture.  Plaintiffs/Counterclaim Defendants further that Defendant/Counterclaim Plaintiff's complaint for declaratory judgment is premature, because Plaintiffs have yet to asset the argument that Plaintiff is anticipating.

Defendant/Counterclaim Plaintiff responds that the counterclaim was filed to resolve the dispute between the parties concerning the meaning of the policy provision regarding sinkhole loss as applied by Liberty Mutual.  In light of the plain language of the policy provision, and the conflict between that language and the demand in Plaintiffs' Amended Complaint, Defendant/Counterclaim Plaintiff as asked the Court to resolve the conflict.  Defendant/Counterclaim further argues that other, nearly identical motions to dismiss counterclaim have been denied in similar cases. (Dkt. 18, p. 3).

The Court notes that Par. 49 states:

> 49.  Plaintiffs have initiated this lawsuit because they disagree with Liberty Mutual's determination that the policy's requirement that there be "structural damage," a term that is not specifically defined by the policy, forecloses their claim.  Plaintiff's disagreement with the denial due to lack

Case No. 8:13-CV-85-T-17MAP

of structural damage arises either because Plaintiffs have defined the term to encompass the purely cosmetic damage they have claimed or because Plaintiffs believe that, because the policy does not define the term "structural damage," the term 'structural damage" is ambiguous.

The Court understands that Plaintiffs made a claim for property damage under the policy, and that Defendant/Counterclaim Plaintiff Liberty Mutual denied the claim. Plaintiffs/Counterclaim Defendants have sued Defendant/Counterclaim Plaintiff for breach of contract. The Counterclaim involves the same obligations at issue in the Amended Complaint. The parties disagree as to the whether the claim is within the coverage afforded by the policy; resolution of the dispute will involve the proper construction and application of the policy's definition of "Sinkhole Loss," which includes the undefined term "structural damage."

The existence of the parties' disagreement is a fact, not mere conjecture. After consideration, the Motion to Dismiss Counterclaim is denied. Accordingly, it is

**ORDERED** that the Motion to Dismiss and Strike (Dkt. 14) is **denied**, and the Motion to Dismiss Counterclaim (Dkt. 16) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record